THE PEOPLE OF PUERTO RICO, Plantiff and Appellee, *v.* ULPIANO MÉNDEZ ORTIZ, Defendant and Appellant.

No. 10550. Argued November 16, 1944.—Decided December 4, 1944.

---

*Federico E. Virella* for appellant.   *R. A. Gómez, Prosecuting Attorney (Fiscal),* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

Mr. Chief Justice Travieso delivered the opinion of the court.

Ulpiano Méndez was convicted of mayhem and, feeling aggrieved by the judgment whereby he was sentenced to one year's imprisonment in the penitenciary, he appealed. His appeal is based on three assignments of error, which we will consider and decide in the same order in which they have been stated.

That the defendant was tried and convicted without due process of law, as the court failed to sustain his motion setting forth a general challenge to the jury panel.

The ground for said motion was that the drawing of the panel as made before Judge Janer, one of the judges of the District Court of Humacao, is contrary to law and therefore erroneous, since said drawing should have been made in the presence of the two judges constituting said court.

The appellant has been led into error by the mistake made in translating into Spanish the English text of §§ 215 and 219 of the Code of Civil Procedure of California, the provisions of which were embodied in § 200 of our Code of Criminal Procedure. Section 215 of the California code, which is equivalent to the first paragraph of § 200 of our code, reads thus:

"Immediately upon the order mentioned in the preceding section being made, the clerk shall, *in the presence of the court,* proceed to draw the jurors from the 'trial jury box'." (Italics ours.)

In preparing the bill for submission to the Legislature, the code was drafted in Spanish and, through an error of translation, the first paragraph of § 200, taken from § 215 of the California code, *supra,* was translated into Spanish thus:

"Inmediatamente después de haberse dictado la providencia indicada en el artículo anterior, el secretario del tribunal procederá, *en presencia de los jueces,* a sacar de la urna los nombres de los jurados en la forma siguiente:" (Italics ours.)

After the enactment of the code in the Spanish language, upon the same being translated into English, the original error was perpetuated, and the English text of the first paragraph of § 200 was finally drafted thus:

"Immediately upon the order mentioned in the preceding section, being made, the secretary or clerk of the court, shall, *in the presence of the judges,* proceed to draw the jurors from the box as follows:" (Italics ours.)

Since the Code of Criminal Procedure was enacted on March 1, 1902, at a time when every one of the district courts was composed of a single judge, it can not be conceived that it was the legislative intent to require that the drawing of the jury panel should take place in the presence of more than one judge. Such a requisite could not have been fulfilled, for there being only one judge in each court, it would have been impossible to make the drawing "in the presence of the judges." We hold, therefore, that the drawing of the jurors before a district court presided by the judge thereof, or by one of the district judges, if there be more than one, is perfectly valid. The error assigned is nonexistent.

█ That the lower court erred in admitting as rebuttal evidence a sworn statement made by the defendant before the Justice of the Peace of Cidra on the day following the occurrence.

Said statement was introduced by the district attorney for the purpose of disproving the theory of the defense, according to which the defendant had been forced to wound his adversary in order to avoid being killed by the latter. The witnesses for the defense testified to the effect that the victim, Monserrate Santos, in an aggressive attitude had attempted to continue dancing in the house of the defendant after the latter had declared the dance ended; and that when the defendant intervened, Monserrate attacked him with a dagger, the defendant being forced to defend himself with a *machete.*

In the statement made by the defendant, it was set forth that several of the persons who had attended the dance held in his house engaged in a crap game in the yard; that an argument arose between Carmelo Alejandro and Fundador Santos; that when both of them assumed a quarreling attitude and were about to attack each other, the defendant intervened seeking to prevent them from creating a disturbance in his house; that thereupon Santos, Bienvenido Jiménez, and Monserrate Santos Martínez, resented such action, drew out their knives, and attacked the defendant; and that the defendant was compelled to defend himself with a *machete,* wounding Monserrate Santos and Fundador.

From a careful examination of the whole evidence, we are of the opinion that the voluntary statement made by the accused, which contradicts the testimony of his witnesses, was admissible in rebuttal. No error was committed by the lower court in admitting the same.

■■ That the verdict is against the weight of the evidence.

We are dealing with a case in which the theories, and the evidence adduced in support thereof, are conflicting. The jury, upon whom it was incumbent to decide the conflict in the theories and in the evidence, accorded credit to the wit-

nesses for The People; and, as the evidence for the prosecution is sufficient to support the verdict, it is our duty to respect it and to affirm the judgment.